## TEXAS MUT. LIFE INS. ASS'N v. WALLACE.

### No. 1049.

Court of Civil Appeals of Texas. Waco.

April 9, 1931.

Richey & Sheehy, of Waco, for appellant.

Tirey & Tirey, of Waco, for appellee.

BARCUS, J.

Appellant is a mutual life insurance association writing life insurance on the mutual assessment as needed plan. On December 13, 1928, appellant issued R. F. Wallace a certificate of life insurance payable to his wife, Lola Wallace, appellee herein. The policy provided that appellant would pay to said beneficiary $5 collected from each member in his class, not to exceed $2,500, plus all death assessments that had been paid by R. F. Wallace; it provides that R. F. Wallace was to pay $5.50 upon being notified of the death of any member in his class; and that if he failed to pay any assessment within ten days after being notified thereof, the policy automatically lapsed, but that same could be reinstated by his furnishing satisfactory evidences of good health within ninety days thereafter and the payment of all past due assessments. It provides that only the president and secretary could modify the contract or extend the time for payment of any assessment. On November 12, 1929, a death assessment was levied which Mr. Wallace failed to pay within the ten days period. On December 3, 1929, the president of appellant wrote Mr. Wallace and told him his policy had lapsed by reason of failure to pay the assessment, and stated: "If you are now in good health * * * and will sign this reinstatement blank and let us have your check for $5.50 * * * and if you are physically fit, we will then replace your name with our insured. * * * Your check for $5.50 will place your policy in force." The application blank was attached to said letter, and it asked Mr. Wallace if he was in good health, which he answered, "Yes"; if he had been treated by a physician since the policy was issued, which he answered, "No"; if he had had any disease since the policy was issued, which he answered, "None." Mr. Wallace filled out and returned said application, together with

his check for $5.50, to appellant on December 5, 1929. He failed, however, to sign the reinstatement application and same was promptly returned to him by the president of appellant, with the request that he sign it and return same as early as possible. The reinstatement application was then signed by Mr. Wallace and returned to and received by appellant on December 12th. Appellant then cashed the check for $5.50 which Mr. Wallace had sent on December 5th. On January 6th Mr. Wallace died suddenly while at his place of business. He was, up to said time, in good physical condition, and no question was raised about his being in sound health at the time he signed the application for reinstatement in December and paid the $5.50 requested.

Appellant refused to pay the policy solely because it had lapsed by reason of the failure of Mr. Wallace to pay the death assessment call made on November 12th.

Appellee contends that appellant, through its president, specifically agreed to reinstate the policy upon the payment of the $5.50. She further contends that appellant, by its actions, waived the contract period of ten days for the payment of said assessment and is estopped from claiming the forfeiture by reason of same not having been paid within the ten day period.

The constitution and by-laws of appellant was made a part of the policy. There is nothing, however, contained therein which in any way prevented the president of the company from reinstating any member who had permitted his insurance certificate to be forfeited by failing to pay any assessment. Under the by-laws, as well as the terms of the certificate, any member could be reinstated by making application therefor and paying the past due assessments. In the letter written by the president of appellant on December 3d above quoted, he specifically told Mr. Wallace that if he would send the $5.50 and sign the reinstatement application, his policy would be in full force, provided he was in good health. The only proof of good health requested of Mr. Wallace was for him to answer the questions asked in the application for reinstatement. He did sign and return the application for reinstatement in which he stated that he was in good health and had been since the policy was issued and that he had not been treated by any physician. Appellant does not question the truthfulness of said statements. Unquestionably the president of appellant had the right to waive the time of payment of the assessments and could accept same after they became due and could reinstate the policy upon such terms and conditions as he deemed wise and proper. While the by-laws provide that the board of directors may consider the application for reinstatement by any member upon his paying one assessment of $5.50, there is nothing either in the by-laws or the certificate which in any way prevents the president of the company from reinstating any member who may have forfeited his certificate by failing to pay an assessment. It seems to be the well-settled law that the president of an insurance company can waive the forfeiture of an insurance policy for failure of the insured to pay the premium promptly. Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625. Under the contract sued on in this case, it is specifically provided that the president has the power to modify the insurance contract or extend the time of payment of any assessment. Clearly the letter written by the president of appellant to Mr. Wallace on December 3d was a waiver on the part of appellant for the failure of Mr. Wallace to pay the death assessment called for on November 12th. It is plain and unambiguous and states positively that if Mr. Wallace is in good health and will pay $5.50 and sign the reinstatement application, appellant would replace his name with its insured and his policy would be in full force. Mr. Wallace having been, at said time, in good health and having signed the application and having paid the $5.50 called for and same having been accepted by appellant and retained by it until after the death of Mr. Wallace, his insurance certificate automatically became in full force and effect. After Mr. Wallace died, appellant tendered to appellee the $5.50 which Mr. Wallace paid in December, and same was refused by appellee.

The cause was tried to the court, and the testimony abundantly supports the judgment for appellee as rendered by the trial court.

The judgment of the trial court is affirmed.